

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1434 | **DATE** | 6/13/2003 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. ERIC WILSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Eric Wilson's section 2255 motion is denied and this case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUN 16 200_ | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 13 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 JUN 13 AM 10:27 | date mailed notice | |
| TBK | courtroom deputy's initials | FILED-ED-TO Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 1434 (95 CR 509-6) |
| ) | Paul E. Plunkett, Senior Judge |
| ERIC WILSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Eric Wilson has filed a motion pursuant to 28 U.S.C. § ("section") 2255 to vacate his conviction and sentence. For the reasons set forth below, the motion is denied and this case is dismissed.

### Discussion

Wilson claims that his trial counsel's performance was constitutionally deficient in a variety of respects. To prevail on each ineffective assistance claim, Wilson must show that his counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the result of the proceeding would likely have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Wilson contends that his counsel unreasonably failed to:

1

13

(1) object to: (a) Counts 3 and 4 of the indictment, which do not contain the phrase "knowingly and intentionally" as an element of the crimes charged; (b) Counts 9, 18-27 and 29-37 of the indictment because they do not set forth all of the elements of the crimes charged; (c) Count 2 of the indictment because it charges impermissible predicates; and (d) Count 1 of the indictment because the alleged conspiracy is not placed within any time frame;

(2) object to the Court's failure to instruct the jury that: (a) "knowingly and intentionally" and "aiding and abetting" were elements of Counts 3 and 4; (b) "aiding and abetting" was an element of Counts 5-9, 11-27, 29-37 and 39 and to explain the concept of constructive possession for those counts; (c) "knowingly and intentionally" and "aiding and abetting" were elements of Count 40;

(3) tell the jury that Wilson was not responsible for the conduct alleged in Counts 3-9, 11-27, 29-37 and 39-40 because he was not a member of the conspiracy when it occurred; and

(4) object to: (a) the life sentence on Count 1 because the jury returned a general, rather than a specific verdict, on that count; and (b) the sentences for Counts 3-6, 11, 17 and 39 because they exceed the statutory maximum.

## Sufficiency of the Indictment – Counts 3 and 4

"It is a fundamental rule of law that an indictment is not sufficient and will not sustain a conviction unless it charges all essential elements of the crime." Banks v. United States, 239 F.2d 409, 410 (1957). Though the essential elements must be charged, the indictment need not mimic the statutory language or use any particular words or phrases. United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978). Rather, the essential elements "may be alleged in any form [that] substantially states [them]." Id. (internal quotation marks and citation omitted).

Counts Three and Four charge Wilson with violations of 21 U.S.C. § 861, which provides:

(a) Unlawful acts
It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally –
(1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of this subchapter or subchapter II of this chapter;

2

> (2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State or local law enforcement official.

21 U.S.C. § 861 (a)(1), (a)(2). Thus, criminal intent is an essential element of these crimes. See United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000) (noting that Counts 3 and 4 do not charge defendants with using juveniles "knowingly and intentionally, as the statute appears to require") (internal quotation marks omitted).

As Wilson points out, however, neither Count 3 nor Count 4 explicitly states that he did anything "knowingly and intentionally." Rather, Count 3 charges that Wilson "employed, hired, used, induced and enticed a person under eighteen years of age to violate Title 21, United States Code, Section 846, as charged in Count One of this Indictment" and Count 4 charges that he "employed, hired, used, induced and enticed a person under eighteen years of age to assist in avoiding detection and apprehension for a violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment." (Superseding Indictment at 11-12.)

That defect is not fatal, the government says, because Count 1, which is incorporated by reference into Counts 3 and 4, charges that Wilson and others conspired "knowingly and intentionally to possess with intent to distribute and to distribute [various illegal drugs]." (Id. at 1-2.) Moreover, Count 1 states that the conspirators used other individuals to distribute drugs and help them avoid detection and apprehension by the police. Thus, the government says, the requisite intent element is implicit in Counts 3 and 4, though it is not explicitly stated.

The Court agrees. A violation of 21 U.S.C. § 846, the crime charged in Count 1, requires proof that Wilson conspired with others "knowingly or intentionally" to possess with the intent to distribute or to distribute illegal drugs. 21 U.S.C. §§ 841(a), 846. Violations of 21 U.S.C. §

3

861(a)(1) and (a)(2), the crimes charged in Counts 3 and 4, require proof that Wilson "knowingly and intentionally" used minors to distribute drugs and to assist in avoiding apprehension for doing so. To violate the latter provisions, the defendant need not know that the person he used to sell drugs or avoid arrest was a minor. Rather, "the government need only prove that the defendant knowingly employed a person in the commission of a drug offense and that the person was under eighteen when employed." United States v. Frazier, 213 F.3d 409, 419 (7th Cir. 2000). Thus, by incorporating Count 1, which charges that Wilson conspired knowingly to distribute drugs by using a network of gang members as dealers and shields, into Counts 3 and 4, the government sufficiently charged Wilson with knowingly using another person to distribute drugs and avoid arrest in violation of 21 U.S.C. § 861(a)(1) and (a)(2). Because Counts 3 and 4 of the indictment against Wilson are sufficient, his lawyer was not ineffective for failing to argue that they are not.

## Sufficiency of the Indictment – Counts 9, 18-27 and 29-37

Counts 9, 18-27 and 29-37 of the indictment charge Wilson with violations of 21 U.S.C. § 843(b), which prohibits knowing or intentional use of "any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter." In relevant part, Count 9 charges:

> On July 16, 1994, at approximately 11:49 a.m. . . . [Wilson and others] knowingly and intentionally used and caused to be used a communication facility, namely a telephone, . . . in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and to distribute narcotics, as charged in Count One of this Indictment.

4

(Superseding Indictment at 17.) Counts 18-27 and 29-37 recite different dates and times, but are otherwise identical to Count 9. Wilson says these counts are deficient because they do not: (1) identify the narcotics involved as required by United States v. Hinkle, 637 F.2d 1154 (7th Cir. 1981); or (2) specify the acts constituting a felony that were facilitated. Neither argument has any merit.

According to Hinkle, an indictment for a violation of 21 U.S.C. § 843(b) is insufficient unless it "specif[ies] the type of communication facility used, the date on which it was used, the controlled substance involved and [contains] some sort of statement of what is being facilitated with that controlled substance which constitutes a felony." Id. at 1158. As the court made clear in United States v. Keck, 773 F.2d 759 (7th Cir. 1985), however, the narcotics can be identified by reference to another count of the indictment. Thus, the Keck court upheld an indictment that said the defendants had, on certain dates and at approximate times, knowingly and intentionally used a telephone to facilitate a drug conspiracy "as charged in Count I" because Count I identified the drugs involved as cocaine and PCP. Id. at 763-64.

As in Keck, the counts that Wilson challenges charge him with using a telephone to facilitate the drug conspiracy "as charged in Count One of this Indictment." And, as in Keck, Count 1 of the indictment against Wilson charges him with conspiring "knowingly and intentionally to possess with intent to distribute and to distribute mixtures containing cocaine and cocaine base, commonly known as 'crack,' Schedule II narcotic controlled substances [and] heroin and marijuana, Schedule I narcotic controlled substances." (Superseding Indictment at 2.) Because Counts 9, 18-27 and 29-37

sufficiently identify the narcotics as required by Hinkle and Keck, Wilson's lawyer was not ineffective for failing to object to them.[1]

Those counts also sufficiently identify the acts that constituted a felony. Each of the challenged counts charges that Wilson used a telephone to commit or facilitate the commission of "conspiracy to possess with the intent to distribute and to distribute narcotics, as charged in Count One of this indictment." That is a sufficient felony description to pass constitutional muster and scotch Wilson's ineffective assistance claim. See Keck, 773 F.2d at 764 (upholding indictment that charged violations of 21 U.S.C. § 843(b) because it "specified the type of communication facility used (a telephone), the felony facilitated (conspiracy to possess with intent to distribute and to distribute a controlled substance), as well as the dates and approximate times when the conversations occurred.").

## Sufficiency of the Indictment – Count 2

Wilson also says that his lawyer should have objected to Count 2 of the indictment, which charges him with engaging in a continuing criminal enterprise ("CCE"). Wilson was involved in a CCE if he violated a felony drug law, that violation was part of a series of such violations that he committed with at least five other people whom he organized or managed, and the enterprise garnered him substantial income or resources. 21 U.S.C. § 848(c). Count 2 charges that Wilson and

---

[1] Wilson also argues that the evidence was insufficient to support the verdicts on these counts, an argument that he, apparently, did not make on appeal. See generally United States v. Smith, 223 F.3d 554 (7th Cir. 2000). Because he has not demonstrated cause for failing to raise the issue on appeal or prejudice from that failure, we cannot reach the merits of this claim. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

6

others committed a continuing series of felony violations of 21 U.S.C. §§ 841 and 843(b), including: (1) knowingly and intentionally possessing with the intent to distribute and distributing cocaine, heroin and marijuana as alleged in Counts 5-11, 13-16, 19-24, 35 and 45-46 of the indictment; (2) knowingly and intentionally using telephones to violate or facilitate violations of 21 U.S.C. §§ 841 and 846 as charged in Counts 12, 25-34 and 36-44 of the indictment; (3) using minors to violate 21 U.S.C. §§ 841(a)(1) and 846 as alleged in Count 3 of the indictment; and (4) using minors to avoid detection and apprehension for violations of 21 U.S.C. §§ 841(a)(1) and 846 as alleged in Count 4 of the indictment. (Superseding Indictment at 8-10.)

Among other reasons, Wilson contends that Count 2 is defective because it impermissibly lists Count 12, a conspiracy charge, Count 40, a firearm charge, and Count 41, a money laundering charge, as predicate felony violations. In reality, Count 12 charges Wilson with attempt to possess with intent to distribute cocaine, not conspiracy. Because attempt to possess with the intent to distribute is a permissible CCE predicate, see 21 U.S.C. §§ 841(a)(1), 846, 848(c), Wilson's lawyer had no basis for objecting to it.

Wilson is correct, however, that the firearm charge in Count 40 and the money laundering charge in Count 41, neither of which violates any provision of subchapters I or II of Title 21, are not permissible CCE predicates. See 21 U.S.C. § 848(c). A close reading of Count 2, however, reveals that neither those charges, nor Count 12, was actually included as a predicate. In relevant part, Count 2 alleges:

> From at least 1970 to the date of this indictment, defendants repeatedly, knowingly and intentionally used and caused to be used, communications facilities, namely telephones, in committing, causing and facilitating the commission of violations of Title 21, United States Code, Sections 841(a)(1) and 846, namely the unlawful possession with intent to distribute and the unlawful distribution of cocaine, and attempting and conspiring to commit those offenses, which are felonies, in violation

7

> of Title 21, United States Code Section 843(b), *including but not limited to the communications described in Counts 12, 25-34 and 36-44* of this indictment, which are realleged as though fully set forth here[.]

(Superseding Indictment at 9) (emphasis added). In other words, the only predicates included in that paragraph are communications described in the enumerated counts that violate 21 U.S.C. § 843(b). Apparently, Counts 12, 40 and 41 were erroneously included in that list as none of them alleges the use of any communications facility. Because that paragraph clearly defines the predicates as communication offenses, however, that error was harmless.

Wilson also questions the propriety of including Counts 14-17 and 39, which charge him with knowingly possessing with the intent to distribute or knowingly distributing drugs on various dates in 1995, as predicates because the Court did not give aiding and abetting instructions in connection with these counts. Whether the jury was properly instructed about these offenses, however, has no bearing on whether they were properly included in the indictment.

Construing Wilson's argument as an attack on the CCE conviction rather than the indictment gets him no further. If Wilson claims his CCE conviction is invalid because he could not properly be convicted of the predicate offenses in Counts 14-17 and 39 without an aiding and abetting instruction, he is wrong on two fronts. First, the Court did instruct the jury about aiding and abetting with respect to those counts. (See Tr. at 3404-05.) Second, the evidentiary burden for obtaining an aiding and abetting conviction is less demanding than that required to convict of a direct statutory violation. Thus, the absence of an aiding and abetting instruction actually would have helped, rather than hurt, Wilson. In short, Wilson's lawyer had no basis for objecting to the inclusion of Counts 14-17 and 39 as predicates for the CCE indictment or conviction.

Wilson also contends that Counts 5-8 and 10-13, which charge him with knowingly possessing with the intent to distribute or knowingly distributing drugs on various dates in 1993 and 1994, cannot be used as predicates because he had not joined the conspiracy at that time. If, however, Wilson "demonstrated a substantial degree of commitment to the conspiracy's objectives, either through his words or his conduct," then he is responsible for the acts of his co-conspirators, even those that were committed before he joined the conspiracy. United States v. Edwards, 945 F.2d 1387, 1393-94 (7th Cir. 1991). Because the law does not absolve conspirators of responsibility for acts committed before they joined the conspiracy, Wilson's lawyer had no reason to object to the inclusion of these counts as predicates in the CCE indictment.

Any argument that Wilson's CCE conviction is invalid because he was not properly convicted of Counts 5-8 and 10-13 also fails. There was ample evidence from which the jury could conclude that Wilson demonstrated a substantial degree of commitment to the conspiracy's objectives. The evidence showed that Wilson rose quickly through the GD ranks to become a Governor. (Tr. at 1199, 1207, 1667.) As a Governor, Wilson had "several hundred subordinates . . . many of [whom] were involved in drug trafficking." Smith, 223 F.3d at 576. Moreover, in addition to supervising the drug sales of others, Wilson personally bought and sold drugs and collected street tax from drug dealers. (Tr. at 1207, 1441-42, 1648, 1661-67.) Given the record, any insufficiency of evidence argument concerning Wilson's convictions on Counts 5-8 and 10-13 would have been unavailing.

Wilson also says that the CCE indictment is defective because it is open-ended and too vague to apprise him of the nature of the offense charged. The Court disagrees. First, the indictment is not open-ended. It charges Wilson with engaging in a continuing criminal enterprise "[f]rom

approximately 1970, until on or about the date of this indictment," (Superseding Indictment at 8), language that the Seventh Circuit has previously upheld. United States v. Roman, 728 F.2d 846, 850-51 (7th Cir. 1984) (holding sufficient an indictment that charged defendant had "[f]rom on or about the first day of January, 1971, and continuing thereafter up to and including the date of this indictment," conspired to distribute LSD). Count 2 is also not impermissibly vague. It sets forth the elements of the CCE offense, its time frame and location and describes the facts pertaining to it. Because Count 2 adequately apprises Wilson of the nature of the charge leveled against him, it was immune from an insufficiency attack.[2]

## Sufficiency of the Indictment – Count 1

Wilson also attacks the conspiracy charge in Count 1 of the indictment because, he says, it was not placed within any time frame and was too vague to enable him to prepare a defense. The Court disagrees. Count 1 alleges that Wilson and others engaged in a drug conspiracy "[f]rom approximately 1970, to on or about the date of this indictment," a sufficient description of the time period. Roman, 728 F.2d at 850-51. Moreover, Count 1 describes the hierarchy and operation of the conspiracy, sets forth the names of the co-conspirators, the locations in which the conspiracy operated and the drugs the conspirators bought and sold, which is more than enough information to enable Wilson to prepare a defense. Thus, Wilson's lawyer had no reason to object to Count 1 of the indictment.

---

[2]Wilson also contends that his CCE conviction is invalid because there was insufficient to support it. Because that issue was decided against him on appeal, see Smith, 223 F.3d at 572, 576, he may not relitigate it here. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

10

## Sufficiency of the Jury Instructions – Counts 3 and 4

Wilson also contends that his lawyer inexplicably failed to object to the Court's use of erroneous jury instructions for Counts 3 and 4. Specifically, Wilson says the jury was not instructed that the government had to prove: (1) he knowingly and intentionally used others in furtherance or to conceal the existence of the drug conspiracy; and (2) he aided and abetted the drug conspiracy.

The first proposition is simply incorrect. In relevant part, the Court instructed the jury as follows as to Count 3:

> To sustain he charge in Count 3 of the indictment that the Defendants Keith McCain, Sherman Moore, Russell Ellis and Eric Wilson employed and used juveniles to violate the narcotics laws, the Government must prove the following propositions beyond a reasonable doubt.
>
> First, the defendant whom you are considering knowingly employed or used a person or persons to further the narcotics conspiracy described in Count 1 of the indictment.

(Tr. at 3401.) The relevant portion of the Count 4 instruction is the same:

> To sustain the charge in Count 4 of the indictment that Defendants Keith McCain, Sherman Moore, Russell Ellis and Eric Wilson used juveniles to avoid detection and apprehension for violation of the narcotics laws, the Government must prove the following propositions beyond a reasonable doubt.
>
> First, the defendant whom you are considering knowingly employed or used a person or persons to assist in avoiding detection and apprehension for the narcotics conspiracy described in Count 1 of the indictment.

(Id. at 3402.) Consequently, Wilson's lawyer had no basis for objecting to the intent instructions for Counts 3 and 4.

Wilson is correct, however, that the Court did not instruct the jury about aiding and abetting as it applied to Counts 3 and 4. But that omission could only have prejudiced Wilson if: (1) the evidence against him could sustain a conviction solely on an aiding and abetting theory; and (2) aiding and abetting a violation of 21 U.S.C. § 861 is a lesser crime than directly violating the statute.

11

Neither is true. As the Seventh Circuit noted, the evidence against Wilson and his co-defendant Moore was sufficient "to show at least vicarious liability for the use of... minors." Smith, 233 F.3d at 573, 576. Moreover, one who aids and abets a federal crime "is as responsible for that act as if he committed it directly." Nye & Nissen v. United States, 336 U.S. 613, 618 (1949); 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Because Wilson was not prejudiced by the lack of an aiding and abetting instruction as to Counts 3 and 4, his lawyer was not ineffective for failing to request one.

## Sufficiency of the Jury Instructions – Counts 5-9, 11-27, 29-27 and 39

Wilson also contends that the jury instructions for Counts 5-9, 11, 13-27, 29-37 and 39, the possession and distribution counts, were flawed because: (1) there was no aiding and abetting instruction; and (2) they did not introduce the concept of constructive possession.

The first contention is incorrect. With respect to Counts 5 through 40, the Court instructed the jury that:

> When persons enter into an agreement for an unlawful purpose, they become agents for one another, and are responsible for each other's actions and statements made during the existence of the conspiracy and in furtherance of its unlawful purpose.
>
> Therefore, if you find Keith McCain, Sherman Moore, Russell Ellis or Eric Wilson, considered separately, guilty of the conspiracy charged in Count 1, and if you find beyond a reasonable doubt that while he was a member of the conspiracy, his fellow conspirators committed the offenses in Counts 5 through 40 of the indictment in furtherance of or as a natural consequence of that conspiracy, then you should then find him guilty of any such count.
>
> On the other hand, if you find Keith McCain, Sherman Moore, Russell Ellis or Eric Wilson, considered separately, are not guilty of the conspiracy charged in Count 1, or if you find beyond a reasonable doubt that while he was a member of the

> conspiracy, his fellow conspirators did not commit the offenses in any of Counts 5 through 40 of the indictment, then you should find him not guilty of any such count.
>
> A defendant need not personally perform every act constituting the crime charged.
>
> Every person who wilfully participates in the commission of a crime may be found guilty. Whatever a person is legally capable of doing, he or she can do through another person by causing that person to perform that act.
>
> If the acts of another are wilfully ordered, directed or authorized by the defendant, then the defendant is responsible for such acts as though the defendant personally committed them.

(Tr. at 3404-05.) Those instructions mimic the federal aiding and abetting statute, which makes anyone who aids and abets a crime or "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b). Consequently, Wilson's lawyer had no basis for objecting to the aiding and abetting instructions for Counts 5-9, 11, 13-27, 29-37 and 39.

Nor did he have a basis for objecting to the lack of a constructive possession instruction. Though that term was not defined for the jury, the ambiguity benefitted Wilson. Constructive possession "exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." United States v. Kitchen, 57 F.3d 516, 520-21 (7th Cir. 1995) (internal quotation marks and citation omitted). The Court instructed the jury that Wilson had to have "possessed" the drugs charged in Counts 5-8, 11, 13-17 and 39 to be found guilty on those counts. (Tr. at 3405.) If Wilson's lawyer had introduced the concept of constructive possession into the trial, it would have been easier for the jury to convict his client. Consequently, his decision not to do so provides no fodder for an ineffective assistance claim.

## Sufficiency of the Jury Instructions – Count 40

Wilson contends that his lawyer should have objected to the jury instructions on Count 40 because there were no instructions on aiding and abetting or intent. As discussed above, however, the jury was given an aiding and abetting instruction for Count 40. (See Tr. at 3404-05.) Thus, there was no need for Wilson's lawyer to protest its absence.

Nor was there a reason for his lawyer to object to the lack of an intent instruction. Count 40 charged Wilson with violating 18 U.S.C. § 924(c), which prohibits use or possession of a firearm during and in relation to a drug trafficking offense. That provision has no intent element. See United States v. Garrett, 903 F.2d 1105, 1111 (7th Cir. 1990) ("Two essential elements must be proven in order to secure a conviction under 18 U.S.C. § 924(c): (1) that the defendant *used or carried* the firearm, and (2) that this use or carrying was *during and in relation to* a drug trafficking offense.") (emphasis in original). Moreover, the intent element of the drug trafficking offense underlying the firearm charge, the drug conspiracy charged in Count 1, is incorporated by reference into the instructions for Count 40. (See Tr. at 3408-09 (stating that jury had to find, among other things, that Wilson was "guilty of the offense charged in Count 1 of the indictment" to find him guilty on Count 40); id. at 3391 (stating that jury had to find, among other things, that Wilson "knowingly and intentionally became a member of the conspiracy" to find him guilty on Count 1).) In short, Wilson's lawyer had no basis to object about the lack of an intent instruction for Count 40.

## Participation in the Conspiracy – Counts 3-9, 11-27, 29-37 and 39-40

Wilson also says his lawyer was ineffective because he did not argue that Wilson was not part of the conspiracy when the conduct underlying Counts 3-9, 11, 13-27, 29-37 and 39-40 took place.

14

Once again, Wilson is mistaken. The entire thrust of Wilson's lawyer's closing argument was that Wilson was not involved in a drug conspiracy with the Gangster Disciples at any time, particularly when the conduct underlying the distribution and possession charges in Counts 5-8, 11, 13-17 and 39 occurred. (See generally Tr. at 3118-57.) As discussed above, however, the jury was instructed that "persons [who] enter into an agreement for an unlawful purpose . . . become agents for one another, and are responsible for each other's actions and statements made during the existence of the conspiracy and in furtherance of its unlawful purpose." (Tr. at 3404.) Thus, the jury was free to disregard counsel's argument and impose liability on Wilson for the acts of his co-conspirators, even those that occurred before he joined the conspiracy. Edwards, 945 F.2d at 1393-94. The fact that the jury rejected Wilson's lawyer's argument does not make it constitutionally inadequate.

## Propriety of Sentences – Count 1, 3-6, 11, 17 and 39

Wilson contends that he should not have been given a life sentence on Count 1. He wasn't. In fact, he received no sentence at all on Count 1 because the government dismissed it. (3/10/98 Sentencing Hr'g Tr. at 42-43, 46.) Consequently, Wilson's lawyer had no reason to object to the sentence imposed on Count 1.

Wilson did, however, receive life sentences for Counts 2-6, 11, 17 and 39, (see id. at 44), sentences that he says exceed the statutory maximum. He is incorrect. The Court found Wilson responsible for selling in excess of five kilograms of cocaine and for purchasing with the intent to sell more than 150 kilograms of cocaine. (Drug Quantity Mem. at 13-14.) Those drugs quantities carry a maximum sentence of life in prison for the conspiracy alleged in Count 1. 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii). The sentences for Counts 3 and 4, which allege violations of 21 U.S.C. §

861, are based on the sentence for Count 1. According to the statute, anyone who uses juveniles to violate the federal drug laws "is subject to twice the maximum punishment otherwise authorized." 21 U.S.C. § 861(b). Thus, life sentences were properly imposed on Counts 3 and 4. Life sentences were also appropriate for Counts 5, 6, 17 and 39. Those counts charged Wilson with knowingly possessing with the intent to distribute or knowingly distributing in excess of fifty grams of cocaine base, conduct that garners a life sentence. 21 U.S.C. § 841(b)(1)(A)(iii). Finally, Count 11 charged Wilson with knowingly possessing with the intent to distribute fifty kilograms of cocaine. The maximum sentence for that conduct is also life in prison. 21 U.S.C. § 841(b)(1)(A)(ii). Because the life sentences Wilson received on Counts 3-6, 11, 17 and 39 were within the range of authorized punishment, Wilson's lawyer had no reason to object to them.

## Conclusion

For all of the reasons stated above, Wilson's section 2255 motion is denied and this case is dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: June 13, 2003